IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION


LORI A. STRAKER,                          )
                                          )
                   Plaintiff,             )
                                          )
v.                                        )          Case No. 04-3500-CV-S-ODS-SSA
                                          )
JO ANNE B. BARNHART,                      )
Commissioner of Social Security,          )
                                          )
                   Defendant.             )

ORDER REVERSING COMMISSIONER'S DECISION DENYING
BENEFITS AND REMANDING FOR RECONSIDERATION

        Pending is Plaintiff's appeal from the Commissioner's final decision denying her
claim for disability insurance benefits and supplemental security income.  For the
following reasons, the Commissioner's decision is reversed, and the case is remanded
for reconsideration.

        Plaintiff asserts that she is unable to work due to fibromyalgia.  In support, she
submitted extensive medical records from her treating physician, Paul B. Glynn, D.O.,
who has treated her on an almost monthly basis since March 1998.  Dr. Glynn found
that Plaintiff could frequently lift and/or carry five pounds, occasionally lift and/or carry
ten pounds, stand or walk two hours in an eight-hour day, stand at one time for fifteen
minutes, sit three hours in an eight-hour day, sit continuously for thirty to forty-five
minutes, and had to lie down four to five times per day for one-half hour each time.  Tr.
239.  All of these limitations stem from Plaintiff's pain.

        The ALJ determined that Dr. Glynn's opinion deserved less weight because it
was not supported by objective medical findings.  Tr. 33.  Instead, the ALJ afforded
greater weight to the opinion of Anne E. Winkler, M.D., a consultative physician who did
not meet with Plaintiff, but studied Plaintiff's medical records and arrived at an opinion
based upon her interpretation of the records and her experience with fibromyalgia
patients.

"[A] treating physician's opinion is given 'controlling weight' if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence. Accordingly, an ALJ should give good reasons for discounting a treating physician's opinion." Dolph v. Barnhart, 308 F.3d 876, 878-79 (8th Cir. 2002) (quotations omitted). A treating physician's opinion should be discounted if other medical assessments are "supported by better or more thorough medical evidence." Cantrell v. Apfel, 231 F.3d 1104 (8th Cir. 2000) (citations omitted).

Dr. Glynn, although a general practitioner, based his opinion on several years of appointments and numerous pages of treatment notes, which provide thorough descriptions of Plaintiff's symptoms and treatment. Dr. Winkler, although a rheumatologist, based her opinion only on the medical records and her experience. Furthermore, during the hearing held before the ALJ on March 29, 2004, Dr. Winkler admitted that her assessment was general and in order obtain a specific and objective analysis of Plaintiff's residual functional capacity a functional capacity evaluation would have to be performed. Tr. 316.

The Court finds that the ALJ's decision to afford lesser weight to Dr. Glynn's opinion based upon the speculative findings of Dr. Winkler is not supported by the record. Consequently, the above-captioned matter must be reversed and remanded to the Commissioner, who is directed to obtain a thorough examination by a third consultative physician, preferably a rheumatologist or someone who is expert in fibromyalgia. As part of the thorough examination, the Commissioner should provide Plaintiff with the opportunity to participate in a functional capacity evaluation.

IT IS SO ORDERED.

DATE: June 1, 2005

/s/ Ortrie D. Smith_____
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT